

The following constitutes the order of the court.
Signed March 27, 2015

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

```
In re                            |
                                 |   No. 13-44285
Frank Henry Tafoya, Jr.,         |
Susan Faye Tafoya,               |   Chapter 13
                                 |
         Debtors.                |
_____|
```

**MEMORANDUM REGARDING DEBTORS' LETTER TO THE COURT**

Frank Henry Tafoya and Susan Faye Tafoya ("Debtors") filed a chapter 7 petition on July 26, 2013 (Doc. 1). The case was converted to chapter 13 on October 14, 2013 (Doc. 24). Debtors' Chapter 13 Plan was confirmed on November 26, 2013 (Doc. 41). Debtors were represented by Michael J. Primus at the outset of the case and through confirmation of the Chapter 13 Plan. On September 16, 2014, the court approved a Corrected Stipulation Substituting Attorneys (Doc. 47). Following the termination of Mr. Primus's representation, Debtors are proceeding pro se.

On March 24, 2015, Debtors sent a letter to the court with various documents attached (Doc. 51). Debtors' letter to the court expresses concern over the fee agreement with their former attorney. Debtors agreed to pay Mr. Primus $1,506 to file the chapter 7 case. Upon conversion of the case to chapter 13, Debtors signed the Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys ("Rights and Responsibilities"), which indicated the initial fee charged by Mr. Primus to pursue the chapter 13 case would be $4,800 (Doc. 32). Until October 8, 2014, when Mr. Primus filed a Waiver of Attorney Fees going forward, Debtors paid the attorney fees through the Chapter 13 Plan (Doc. 50).

While Debtors acknowledge signing the Rights and Responsibilities, they claim Mr. Primus failed to fully explain the change in the fee agreement precipitated by the conversion of the case from chapter 7 to chapter 13. Further, Debtors assert that they would have objected to the increase in fees required to pursue a chapter 13 case if they had been aware of the change.

Debtors' concern over the fee arrangement with their former attorney is evident. The court understands Debtors' frustration over the perceived lack of transparency and communication, but Debtors have not framed their inquiry in the form of a motion and have not requested any specific relief from the court. As a result, the court cannot take any action on Debtors' letter or the issues highlighted in the letter.

If Debtors would like the court to respond to their concerns, they should file a motion with the court requesting relief with specificity and stating the basis for the relief requested.  The court recognizes the difficulties Debtors face in proceeding pro se.  Debtors may explore submitting a motion on their own behalf or seek another representative to take action to address their concerns.

**End of Memorandum**

**COURT SERVICE LIST**

Frank Henry Tafoya, Jr.
Susan Faye Tafoya
203 Devonwood
Hercules, CA 94547

Martha G. Bronitsky
P.O. Box 9077
Pleasanton, CA 94566

Michael J. Primus
Law Offices of Michael J. Primus
500 Alfred Nobel Dr. #135
Hercules, CA 94547